UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------X

Kerry Skarbakka,                        :
                                        :
                Plaintiff,              :        No: 10-cv-1218-DSC
                                        :
          -against-                     :        Jury Demanded
                                        :
Experian Information Solutions, Inc.,   :
Equifax Information Services, LLC,      :
LexisNexis Risk & Information           :
Analytics Group, Inc. and              :
Reed Elsevier, Inc.                     :
                                        :
                                        :
                Defendants.             :
------------------------------------------------------------X

## First Amended Complaint

### *Introduction*

1.     Plaintiff is a consumer who has been subjected to Defendants'

violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and

various other state laws. The FCRA requires that credit reporting agencies (CRAs)

follow reasonable procedures to assure maximum possible accuracy in credit

reports, which includes a duty to conduct a reasonable reinvestigation of disputed

information on a report.

2.     Defendants violated the FCRA by failing to follow reasonable

procedures to assure maximum possible accuracy.  Also, despite having received

actual notice of incorrect information, Defendants violated the FCRA by failing to

reasonably reinvestigate the disputed information.  Furthermore, Defendants

defamed Plaintiff and violated his privacy by publishing false information to third-parties.

3.     As a direct and proximate result of Defendants' violations, Plaintiff suffered damages, including, but not limited to, the denial of credit, damage to his reputation, emotional distress, annoyance, aggravation, frustration, and legal fees. Therefore Plaintiff is entitled to recover these damages in this lawsuit. Moreover, because Defendants willfully violated the FCRA, Plaintiff is entitled to an award of punitive damages.

### *Jurisdiction and Venue*

4.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Parties*

7.     Plaintiff Kerry Skarbakka (Plaintiff or Skarbakka) is a citizen of Pennsylvania who resides within this District.

8.     Skarbakka is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

2

9. Defendant Experian Information Solutions, Inc. (Experian) is an Ohio corporation, duly authorized and qualified to do business in the Commonwealth of Pennsylvania.

10. Experian is a "consumer reporting agency," as defined by FCRA § 1681a(f).

11. Defendant Equifax Information Services, LLC (Equifax) is a Georgia Limited Liability Company, duly authorized and qualified to do business in the Commonwealth of Pennsylvania.

12. Equifax is a "consumer reporting agency," as defined by FCRA § 1681a(f).

13. Defendant LexisNexis Risk & Information Analytics Group, Inc. ("Lexis") is a business entity that provides background screening services, decision-making intelligence, and operates as a consumer reporting agency. Defendant regularly conducts business in the Western District of Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103. Lexis directs its customers to remit payment at P.O. Box 7247-6157, Philadelphia, PA.

14. Defendant Reed Elsevier, Inc. ("Reed") is a business entity and/or a credit reporting agency, of which Lexis is a division. Defendant regularly conducts business in the Western District of Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103.

15.     Defendants Lexis and Reed act in concert with each other with respect to the public records communications and events that are the subject of this action.

16.     In 2007, Defendants Lexis and Reed acquired in whole or in part the public records business of ChoicePoint Inc. and/or ChoicePoint Services Inc. ("ChoicePoint") and are successors in interest to that business.

17.     Both ChoicePoint Inc. and ChoicePoint Services Inc. have been found by multiple federal courts to operate as consumer reporting agencies ("CRAs") and to be regulated by the FCRA.

18.     Further, ChoicePoint Inc. has represented itself to be a furnisher of consumer credit information under the FCRA and has lobbied the U.S. Congress to regulate it only as a furnisher of consumer credit information.

### *Factual Allegations*

19.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

20.     The inaccurate information includes, but is not limited to, a default judgment from the New York City Civil Court that was vacated and dismissed against Plaintiff.

21.     Despite receiving hard – and even certified – copies of the Order vacating the judgment and dismissing the Complaint, Defendants re-reported the judgment, causing Plaintiff to be denied credit.

22.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

23.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

24.    Specifically, as successors in interest to ChoicePoint's public records business Defendants Lexis and Reed assumed the role of communicating and publishing select public records information, including information about bankruptcies, judgments and tax liens, to other CRAs, such as TU, Equifax, and Experian.

25.    Defendants Lexis and Reed communicate and publish such information to third parties such as the national CRAs on a regular basis for a fee.

26.    Defendants Lexis and Reed communicated such information to third parties about Plaintiff for a fee on multiple occasions since at least 2007.

27.    Defendants Lexis and Reed know that the information they communicated to third parties about Plaintiff is used and expected to be used in ordinary consumer transactions, including to be used as a factor in determining Plaintiff's eligibility for credit as well as the terms of any extension of credit.

28.    Defendants Lexis and Reed know that the information that they communicated and published for a fee to third parties about Plaintiff is derogatory

and negatively bears upon Plaintiff's creditworthiness, credit standing, and credit capacity.

29.     As set forth below, Plaintiff has repeatedly disputed the inaccurate information with Defendants Experian and Equifax and through the national CRAs by both oral and written communications to their representatives and by following the CRAs' established procedures for disputing consumer credit information.

30.     Defendants Experian and Equifax, and the other CRAs gave notice of Plaintiff's disputes to Lexis and Reed, and all Defendants purportedly investigated Plaintiff's disputes.

31.     Plaintiff did not know about Defendants Lexis and Reed at the time of the disputes because those Defendants willfully and deliberately conceal their role in selling public records information, including the information they sold to third parties about Plaintiff.

32.     Moreover, Defendants Lexis and Reed do not have any telephone number, website, street address or any other means that is made available to consumers so that they can dispute any inaccurate public records information that Defendants sell about consumers.

33.     The only mechanism available to Plaintiff and other consumers to put Defendants Lexis and Reed on notice of their errors in communicating and publishing inaccurate public records information about Plaintiff is through the procedures established by the national CRAs.

34.     Notwithstanding Plaintiff's efforts, Defendants Experian and Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information. Defendant Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors until sometime after this lawsuit was filed and served.  Defendant Equifax continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants have repeatedly published and disseminated consumer reports with the inaccurate information concerning Plaintiff to third parties, including but not limited to, from at least 2007 through the present.

35.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

36.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit.  The basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and the inaccurate information was a substantial factor for those denials.

37.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses

7

relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

38.     As a result of Defendants' conduct, Plaintiff has suffered great emotional distress and mental anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

39.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

40.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score and/or credit standing.

41.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

42.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## Plaintiff's Disputes through Experian

43.     At some point in 2007, Defendants began reporting a default civil judgment in favor of Erin Capital Management in the Civil Court of the City of New York, Kings County, on Skarbakka's Experian credit report.

44.     On October 2, 2008, the Civil Court of the City of New York, Kings County vacated the default judgment and dismissed Erin Capital's claim. A copy of the order is attached as Exhibit A.

45.     On or about March 15, 2009, Plaintiff mailed a copy of the Order to Vacate and Dismiss to Defendant Experian together with a letter requesting that Defendant remove the judgment from his credit report. A copy of the letter is attached as Exhibit B.

46.     On or about April 22, 2009, Defendant Experian sent Plaintiff a letter indicating that the New York City judgment against Plaintiff was verified as accurate and would continue to be reported on his Experian credit report. A copy of Defendant Experian's letter is attached as Exhibit C.

47.     On or about June 9, 2009, Plaintiff mailed a second letter to Defendant Experian that disputed the judgment on his report and requested that Defendant remove the inaccurate information. Plaintiff attached a certified copy of the New York City Civil Court Order vacating the judgment and dismissing the lawsuit. A copy of Plaintiff's letter dated June 9, 2009 is attached as Exhibit D.

48.     On or about July 2, 2009, Defendant Experian sent a letter to Plaintiff indicating that it refused to remove or reinvestigate the New York City judgment

9

because "[w]e have already investigated this information and the credit grantor has verified its accuracy." A copy of Defendant Experian's letter dated July 2, 2009 is attached as Exhibit E.

49.     The New York City Civil Court, Kings County is not a "credit grantor" or "furnisher" within the meaning of the FCRA.

50.     The New York City Civil Court, Kings County does not communicate credit information to Experian's credit reporting system.

51.     On June 26, 2009, Plaintiff's application for a Visa Platinum credit card was denied by Chase Bank USA. In its letter of explanation, Chase Bank USA indicated that it could not approve Plaintiff's request for credit because Plaintiff's Experian "credit report shows an unsatisfactory public record/collection." A copy of Chase's letter is attached as Exhibit F.

52.     Until sometime after Plaintiff filed and served his original Complaint, Experian continued to publish and disseminate the inaccurate information about the New York City judgment on Plaintiff's credit report, which it continued to provide to third-parties. A copy of the page from Plaintiff's Experian credit report showing the inaccurate information about the judgment is attached as Exhibit G.

53.     Reporting a civil judgment on a person's credit report is adverse to the person's credit score.

54.     Experian knew and continues to know that reporting a civil judgment on a person's credit report is adverse to the person's credit report.

55.     Experian knew and continues to know that reporting a civil judgment on Plaintiff's credit report was and continues to be actually damaging to Plaintiff.

### Plaintiff's Disputes through Equifax

56.     At some point in 2007, Defendants began reporting a default civil judgment in favor of Erin Capital Management in the Civil Court of the City of New York, Kings County, on Skarbakka's Equifax credit report.

57.     On October 2, 2008, the Civil Court of the City of New York, Kings County vacated the default judgment and dismissed Erin Capital's claim. A copy of the order is attached as Exhibit A.

58.     On or about March 15, 2009, Plaintiff mailed a copy of the Order to Vacate and Dismiss to Defendant Equifax together with a letter requesting that Defendant Equifax remove the judgment from his credit report. A copy of the letter is attached as Exhibit H.

59.     Because Defendant Equifax did not remove the New York City Civil Court judgment, on or about June 9, 2009, Plaintiff mailed a second letter to Defendant Equifax that disputed the judgment on his report and requested that Defendant Equifax remove the inaccurate information. Plaintiff attached a certified copy of the New York City Civil Court Order vacating the judgment and dismissing the lawsuit. A copy of Plaintiff's letter dated June 9, 2009 is attached as Exhibit I.

60.     On or about June 19, 2009, Defendant Equifax sent a letter to Plaintiff indicating that it refused to remove the New York City judgment because "Equifax has verified that this public record item is reporting correctly. Equifax verified that

11

this item belongs to you." A copy of Defendant Equifax's letter dated June 19, 2009 is attached as Exhibit J.

61.    The New York City Civil Court, Kings County is not a "credit grantor" or "furnisher" within the meaning of the FCRA.

62.    The New York City Civil Court, Kings County does not communicate credit information to Experian's credit reporting system.

63.    On December 31, 2010, Plaintiff's application for a GE Money Bank Pep Boys account was denied by GE Money Bank. In its letter of explanation, GE Money Bank indicated that one of the "most significant reason(s)" it could not approve Plaintiff's request for credit was because Plaintiff's Equifax credit report shows "delinquency, adverse public record or collection". A copy of GE Money Bank's letter is attached as Exhibit K.

64.    Until sometime after Plaintiff filed and served his original Complaint on Experian, Equifax continued to publish and disseminate the inaccurate information about the New York City judgment on Plaintiff's credit report, which it continues to provide to third-parties.

65.    Reporting a civil judgment on a person's credit report is adverse to the person's credit score.

66.    Equifax knew and continues to know that reporting a civil judgment on a person's credit report is adverse to the person's credit report.

67.    Equifax knew and continues to know that reporting a civil judgment on Plaintiff's credit report was and continues to be actually damaging to Plaintiff.

### False reporting Directly by Lexis and Reed to Creditors

68.     At some point in 2007, Defendants began reporting a default civil judgment in favor of Erin Capital Management in the Civil Court of the City of New York, Kings County, on Skarbakka's Lexis and Reed credit report.

69.     On October 2, 2008, the Civil Court of the City of New York, Kings County vacated the default judgment and dismissed Erin Capital's claim. A copy of the order is attached as Exhibit A.

70.     Despite Plaintiff's repeated disputes to Equifax, Experian, and Transunion, which upon information and belief were forwarded in some form to Lexis and Reed, Defendants Lexis and Reed continued to publish and disseminate the inaccurate information about the New York City judgment not only to Experian and Equifax – and possibly Transunion – but directly to creditors from whom Plaintiff sought credit.

71.     Thus, on June 26, 2009, Plaintiff's application for a Target credit-card account was denied. In its letter of explanation, Target indicated that in denying Plaintiff credit, it relied upon a "consumer report" provided by the "consumer reporting agency" "Lexis Nexis Risk & Information". A copy of Target's letter is attached as Exhibit L.

72.     In response to a request for a copy of the "consumer report" upon which Target relied, LexisNexis provided a public records report, dated August 13, 2009, upon which only with only one item appeared: the New York City Civil Court judgment. A copy of LexisNexis's report is attached as Exhibit M.

13

73.    Upon information and belief, Lexis and Reed continue to publish and disseminate the inaccurate information about the New York City judgment on Plaintiff's LexisNexis credit report and continues to provide the information to third-parties, including Experian, Equifax, Transunion, and various creditors like Target.

## COUNT I
### Violations of §§ 1681e and i of the
### Fair Credit Reporting Act, and their subsections
### (Plaintiff v. Experian)

74.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

75.    Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as defined under 15 U.S.C. § 1681a(d).

76.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77.    Section 1681e(b) of the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  And, when a consumer disputes the accuracy of any information on a credit report, FCRA § 1681i(a)(1) requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..."  Furthermore, FCRA § 1681i(a)(4) requires a CRA to review

14

and consider all relevant information submitted by the consumer when conducting its investigation.

78.     By reporting a civil court judgment on Plaintiffs credit report after the judgment had been vacated and the case dismissed, Defendant violated 15 U.S.C. § 1681e(b) because it negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiffs credit report.

79.     By reporting a civil court judgment on Plaintiffs credit report after it knew the judgment had been vacated and the case dismissed, Defendant violated 15 U.S.C. § 1681e(b) because it willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiffs credit report.

80.     By reporting a civil court judgment on Plaintiffs credit report after Plaintiff disputed the judgment and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant violated 15 U.S.C. § 1681i because it negligently failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

81.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant violated 15 U.S.C. § 1681i because it willfully failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

82.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil

15

Court Order vacating the judgment and dismissing the case, Defendant violated 15 U.S.C. 1681i(a)(4) because it negligently failed to review and consider relevant information provided by the consumer concerning the dispute.

83.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant violated 15 U.S.C. 1681i(a)(4) because it willfully failed to review and consider relevant information provided by the consumer concerning the dispute.

84.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

85.     Experian is liable to Plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct, together with punitive damages, as well as his reasonable attorney fees under 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**
**Violations of §§ 1681e and i of the**
**Fair Credit Reporting Act, and their subsections**
**(Plaintiff v. Equifax)**

86.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

87.     Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff, as defined under 15 U.S.C. § 1681a(d).

88.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

89.    Section 1681e(b) of the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  And, when a consumer disputes the accuracy of any information on a credit report, FCRA § 1681i(a)(1) requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..."  Furthermore, FCRA § 1681i(a)(4) requires a CRA to review and consider all relevant information submitted by the consumer when conducting its investigation.

90.    By reporting a civil court judgment on Plaintiffs credit report after the judgment had been vacated and the case dismissed, Defendant Equifax violated 15 U.S.C. § 1681e(b) because it negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiff's credit report.

91.    By reporting a civil court judgment on Plaintiffs credit report after it knew the judgment had been vacated and the case dismissed, Defendant Equifax violated 15 U.S.C. § 1681e(b) because it willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy in Plaintiff's credit report.

92.    By reporting a civil court judgment on Plaintiffs credit report after Plaintiff disputed the judgment and provided a copy of the New York City Civil

Court Order vacating the judgment and dismissing the case, Defendant Equifax violated 15 U.S.C. § 1681i because it negligently failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

93.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant Equifax violated 15 U.S.C. § 1681i because it willfully failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information.

94.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant Equifax violated 15 U.S.C. 1681i(a)(4) because it negligently failed to review and consider relevant information provided by the consumer concerning the dispute.

95.     By reporting a civil court judgment on Plaintiff's credit report after Plaintiff disputed the information and provided a copy of the New York City Civil Court Order vacating the judgment and dismissing the case, Defendant Equifax violated 15 U.S.C. 1681i(a)(4) because it willfully failed to review and consider relevant information provided by the consumer concerning the dispute.

96.     As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

97.   Equifax is liable to Plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct, together with punitive damages, as well as his reasonable attorney fees under 15 U.S.C. §§ 1681n and 1681o.

**COUNT III**
**Violations of §§ 1681e and i of the**
**Fair Credit Reporting Act, and their subsections**
**(Plaintiff v. Lexis & Reed)**

98.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

99.   At all times pertinent hereto, Defendants Lexis and Reed were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

100.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

101.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

102.   Under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Lexis and Reed are liable to the Plaintiff for engaging in the following conduct:

   (a)   willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i;

(b)    willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b);

(c)    willfully and negligently failing to comply with the requirements imposed on furnishers of information under 15 U.S.C. § 1681s-2(b); and

(d)    willfully and negligently failing to comply with the FCRA in every other applicable respect, including 15 U.S.C. §§ 1681c and 1681g.

103.    The conduct of Defendants Lexis and Reed was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants Lexis and Reed are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

<u>COUNT IV</u>
**Experian's willful and malicious defamation of Plaintiff**
**(Plaintiff v. Experian)**

104.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

105.    Defendant Experian has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

106.   Defendant Experian has published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

107.   The statements made by Defendant Experian are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

108.   Defendant Experian has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

109.   Defendant Experian knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

110.   The written statements and publications constitute libel per se.

111.   The oral statements and publications constitute slander per se.

112.   In addition, and despite repeated notices from Plaintiff, Defendant Experian has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

113.   Because it knowingly published false, inaccurate, and misleading information about a New York City Civil Court judgment on Plaintiff's credit report, Defendant Experian maliciously defamed Plaintiff.

114.   Experian had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

115.   Experian's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

116.   As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

117.   Experian is liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

118.   Plaintiff is entitled to an award of punitive damages from Experian in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to Experian and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

119.   Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT V
### Equifax's willful and malicious defamation of Plaintiff
### (Plaintiff v. Equifax)

120.   Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

121.   Defendant Equifax has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

122.   Defendant Equifax has published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

123.   The statements made by Defendant Equifax are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

124.   Defendant Equifax has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

125.   Defendant Equifax knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

126.   The written statements and publications constitute libel per se.

127.   The oral statements and publications constitute slander per se.

128.   In addition, and despite repeated notices from Plaintiff, Defendant Equifax has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

129.   Because it knowingly published false, inaccurate, and misleading information about a New York City Civil Court judgment on Plaintiff's credit report, Defendant Equifax maliciously defamed Plaintiff.

130.   Equifax had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

131.   Equifax's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

132.   As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

133.   Equifax is liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

134.   Plaintiff is entitled to an award of punitive damages from Equifax in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to Equifax and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

135.   Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Equifax is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

### COUNT VI
**Lexis & Reed's willful and malicious defamation of Plaintiff**
**(Plaintiff v. Lexis & Reed)**

136.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

137.   Defendants Lexis and Reed have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

138.   Defendants Lexis and Reed have published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

139.   The statements made by Defendants Lexis and Reed are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

140.   Defendants Lexis and Reed have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

141.   Defendants Lexis and Reed knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

142.   The written statements and publications constitute libel per se.

143.   The oral statements and publications constitute slander per se.

144.   In addition, and despite repeated notices from Plaintiff, Defendants Lexis and Reed has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

145.   Because they knowingly published false, inaccurate, and misleading information about a New York City Civil Court judgment on Plaintiff's credit report, Defendants Lexis and Reed maliciously defamed Plaintiff.

146.   Lexis and Reed had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

147. Lexis and Reed's actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

148. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

149. Lexis and Reed are liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

150. Plaintiff is entitled to an award of punitive damages from Lexis and Reed in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to Lexis and Reed and to other CRAs in order to prevent the occurrence of such egregious conduct in the future.

151. Defendant Lexis and Reed's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Lexis and Reed is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT VII
### Negligence
### (Plaintiff v. Experian, Equifax, Lexis, and Reed)

152. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

153. Defendants' negligence consists of the following:

27

(a) Violating the FCRA as set forth above;

(b) Disregarding Plaintiff's rights and failing to comply with state laws;

(c) Failing to provide prompt notice of the inaccurate information to creditors;

(d) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(e) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(f) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

154. As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

155. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, punitive damages, as well as such other relief, permitted under the law.

## COUNT VIII
### Invasion of Privacy/False Light
#### (Plaintiff v. Experian, Equifax, Lexis, and Reed)

156.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

157.  Defendants' above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

158.  By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

159.  The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### *Demand for Jury Trial*

160.  Plaintiff demands a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in his favor and that judgment be entered against Defendants for the following:

(A)   Actual damages;

(B)   Statutory damages;

(C)   Civil Penalties;

(D)   Punitive Damages;

(E)   Attorneys' fees, litigation expenses and costs;

(F)   An order directing Defendants to cease the further reporting of the inaccurate information concerning Plaintiff, and to send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(G)   Any other relief that this Court deems appropriate under the circumstances.

Dated:        March 31, 2011

Respectfully submitted,

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher
One of Plaintiff's Attorneys

Attorneys for Plaintiff

Jeffrey L. Suher
Pa. I.D. # 74924
Jeffrey L. Suher, P.C.
4328 Old William Penn Highway, Suite 2J
Monroeville, Pennsylvania 15146
(412) 374-9005

Brian L. Bromberg
*Admitted Pro Hac Vice*
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906